IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
JERRY GAYLE,
                                    No. C  04-2584 CW
          Plaintiff,
                                    ORDER GRANTING
     v.                             DEFENDANTS' MOTION
                                    FOR SUMMARY
COUNTY OF MARIN; BOARD OF SUPERVISORS JUDGMENT
OF THE COUNTY OF MARIN; OFFICE OF THE
ASSESSOR/RECORDER; JOAN C. THAYER,
ASSESSOR/RECORDER; DON HUNTER;
GILBERT GUADINA; KAREN SMALL and DOES
1 TO 10,

          Defendants.
                                        /
```

Defendants County of Marin, Joan C. Thayer, Don Hunter, Gilbert Guadina and Karen Small (collectively, Defendants) move for summary judgment on grounds of res judicata and claim preclusion.[1] Plaintiff Jerry Gayle opposes the motion. The matter was heard on November 18, 2005.

Having considered all of the papers filed by the parties, including supplemental briefing by both parties, the Court GRANTS Defendants' motion for summary judgment.

---

[1] Defendants also moved separately for summary judgment on the grounds that Plaintiff's claim against Don Hunter was barred by the statute of limitations. Defendants later withdrew this motion.

The Court previously dismissed with prejudice Plaintiff's claims against Defendants Board of Supervisors of the County of Marin and Office of the Assessor/Records. See November 5, 2004 Order Granting in Part and Denying in Part Motion to Dismiss at 2.

BACKGROUND

The following facts are drawn from Plaintiff's November 22, 2004, First Amended Complaint (FAC) or are undisputed, unless otherwise noted. Plaintiff alleges that Defendants deprived him of rights under the Fourteenth Amendment's equal protection guarantee, in violation of 42 U.S.C. § 1983. Plaintiff is a former employee of the Marin County Office of the Assessor Recorder. Plaintiff alleges that he suffered "illegal employment practices, discrimination [on the basis of race] and harassment in a hostile environment for employment . . . including retaliatory and wrongful discipline." FAC ¶ 15. Plaintiff claims that this "discrimination has led to his termination," noting in the FAC that the termination was "subject to an appeal before the Personnel Commission which has traditionally upheld terminations." Id. ¶ 49.

Prior to his termination, on December 22, 2000, Plaintiff filed a grievance alleging that he was subjected to a hostile work environment and asked that a negative evaluation be expunged from his record. The grievance was heard by the Marin County Personnel Commission (hereinafter the Commission) on July 24 and 27, 2001. Plaintiff was represented by attorney Carl Shapiro, who represents him in this lawsuit as well, and allowed to submit evidence and testify. On August 13, 2001, the Commission denied Plaintiff's request for expungement.

Plaintiff's employment was terminated after an incident involving a co-worker that occurred on February 25, 2003. Plaintiff filed an appeal of his termination, and the Commission

2

conducted a preliminary conference on September 1, held an evidentiary hearing on October 1 and 5, and then convened and issued an oral decision on November 24, 2004. Defendants have submitted the official reporter's transcript for all four days of the proceedings.[2] Pattison Decl., Ex. 7, Transcripts. At the hearing, Plaintiff was represented by an attorney, Bruce Harland, who was allowed to subpoena witnesses, examine and cross-examine witnesses under oath, and produce documentary evidence. Pattison Decl. ¶ 11. Both Plaintiff and Defendant County of Marin submitted preliminary submissions as well as post-hearing briefs.

At the preliminary conference, counsel for County of Marin sought to introduce a witness to rebut Plaintiff's claim of discrimination, explaining "throughout at least the last several years of Mr. Gayle's employment, and throughout the proceedings involving his discipline, he's made allegations of racial discrimination." Prelim. Hr'g Tr. 15:6-8. In response to the Commission's inquiry as to whether there were "any pending discrimination allegations," Marin County counsel replied that he believed that Plaintiff would assert racial discrimination as a defense. Id. 16:3-17. The chairman of the Commission continued,

> I just want to make sure we don't waste your time and ours by hearing a case and find out there is something pending somewhere in the mill which would preclude us from hearing the case.

Id. 16:10-13. Mr. Harland confirmed, "There is no grievance pending." Id. at 16:14.

---

[2] The Court also grants Plaintiff's request for judicial notice of two excerpts from the transcripts.

3

After the evidentiary hearing, briefing and public deliberation, the Commission denied Plaintiff's appeal and upheld his termination. It specifically found that Plaintiff violated Marin County Personnel Rules and Regulations "when he intentionally bumped [co-worker] Michael Infante twice without provocation and that such bumps served to intimidate Michael Infante." Pattison Decl., Ex. 11, Commission's Findings and Decision ¶ 7. It further specifically found "that the County did not abuse its discretion in determining that termination is the appropriate penalty." Id. ¶ 8. The Commission's findings note a "seriously troubled relationship" between management and Plaintiff, past disciplinary actions and poor performance evaluations, Plaintiff's refusal to admit culpability, and the failure of attempts at rehabilitation. Id. The Commission's findings do not address Plaintiff's allegations of discrimination.

On February 4, 2005, Plaintiff, through his union, appealed the Personnel Commission's order. Sauer Decl., Ex. 1, February 4, 2005 Letter from Kris Organ to Diane Sauer. The Marin County Board of Supervisors heard the appeal at its March 22, 2005 board meeting, where a union representative, Sean Webb, spoke on Plaintiff's behalf. Sauer Decl. ¶ 4. An outside attorney represented the Board of Supervisors at the hearing. Id. The Board of Supervisors denied Plaintiff's appeal and affirmed the Personnel Commission's findings and decision. Sauer Decl., Ex. 3, March 24, 2005 Order of the Marin County Board of Supervisors Affirming the Decision of the Marin County Personnel Commission.

In its order, the Board of Supervisors advised Plaintiff

4

that, should he choose to seek judicial review, "the provisions of the California Code of Civil Procedure Section 1094.6 govern the time within which such judicial review must be sought." Id. Section 1094.6 requires that a petition for a writ of mandate seeking judicial review of a decision of a local agency be filed no later than ninety days after the decision become final. Plaintiff did not file a petition for writ of mandate challenging the decision.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the

5

outcome of the case.  The substantive law will identify which facts are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a prima facie showing in support of its position on that issue.  See UA Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1994). That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue.  See id.; see also Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991).  Once it has done so, the non-moving party must set forth specific facts controverting the moving party's prima facie case.  See UA Local 343, 48 F.3d at 1471.  The non-moving party's "burden of contradicting [the moving party's] evidence is not negligible."  Id.  This standard does not change merely because resolution of the relevant issue is "highly fact specific."  See id.

## DISCUSSION

Defendants argue that the Board of Supervisor's adverse decision bars Plaintiff's § 1983 suit, under the doctrines of res judicata and collateral estoppel, because he failed to seek review of it.  Conceding that no petition for writ of mandate was filed, Plaintiff notes that exhaustion of State remedies is not required in order to bring an action under § 1983.  This point, however, is inapposite.  The doctrine of res judicata is separate from the issue of exhaustion of remedies, and Defendants' motion rests only

6

on the former. See Embury v. King, 191 F. Supp. 2d 1071, 1083 (N.D. Cal. 2001) (explaining that doctrine of claim preclusion, but not that of judicial exhaustion, applies to § 1983 actions).

Res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Financing Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata operates only where there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." Western Radio, 123 F.3d at 1192 (citing Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971)).

Title 28 U.S.C. § 1738 requires that federal courts give State court judgments the same preclusive effect as federal judgments. As a matter of federal common law, the fact-finding of a State agency, acting in a judicial capacity in a proceeding where "the parties have had an adequate opportunity to litigate," is also given preclusive effect. Univ. of Tenn. v. Elliott, 478 U.S. 788, 799 (1986) (quoting United States v. Utah Construction &

7

1  Mining Co., 384 U.S. 394, 422 (1966)).³

2  The Ninth Circuit has extended Elliot to give preclusive
3  effect to "state administrative adjudications of legal as well as
4  factual issues, as long as the state proceeding satisfies the
5  requirements of fairness outlined in [Utah Construction]." Miller
6  v. County of Santa Cruz, 39 F.3d 1030, 1032-33 (9th Cir. 1994)
7  (quoting Guild Wineries and Distilleries v. Whitehall Co., 853
8  F.2d 755, 758 (9th Cir. 1988)). Those fairness requirements are
9  "(1) that the administrative agency act in a judicial capacity,
10 (2) that the agency resolve disputed issues of fact properly
11 before it, and (3) that the parties have an adequate opportunity
12 to litigate." Id. (citing Utah Construction, 384 U.S. at 422);
13 see also Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279,
14 1283-84 (9th Cir. 1986) (no preclusive effect afforded to informal
15 unemployment benefits hearing because the plaintiff did not have
16 an adequate opportunity to litigate factual issues related to
17 discrimination).

18 The Ninth Circuit found that California has adopted the Utah
19 Construction standard, and therefore that federal courts need only

---

³As Plaintiff notes in his "rejoinder," the common law presumption of administrative estoppel of Elliott and Utah Construction does not apply in the presence of a statute to the contrary. In Astoria Fed. Sav. & Loan Assoc., 501 U.S. 104, 110 (1991), the Supreme Court held that the Age Discrimination in Employment Act (ADEA), like Title VII, "carries an implication that the federal courts should recognize no preclusion by state administrative findings with respect to age-discrimination claims." In so holding, it contrasted the ADEA and Title VII with suits brought under "42 U.S.C. § 1983, in which the Court discerned '[n]othing . . . remotely express[ing] any congressional intent to contravene the common-law rules of preclusion.'" Id. (quoting Elliott, 478 U.S. at 797). Elliott, rather than Astoria, clearly controls Plaintiff's § 1983 claims here.

8

look at "whether the administrative hearing met the requirements of California law such that a California court would have accorded the determination preclusive effect." Id. at 1033 (citing Eilrich v. Remas, 839 F.2d 630, 633 (9th Cir. 1988)).  In Miller, the court held that California law would have accorded preclusive effect to a county civil service commission's decision sustaining dismissal of a public employee after "a public evidentiary hearing at which Miller was represented by counsel and was permitted to present oral and documentary evidence and to call witnesses." 39 F.3d at 1032.  Because Miller had not sought judicial review as provided in California Code of Civil Procedure § 1094.5, the Ninth Circuit found that the unreviewed administrative determination of the civil service commission precluded his federal § 1983 claim. 39 F.3d at 1034 (relying on Swartzendruber v. City of San Diego, 3 Cal. App. 4th 896 (1992)).

Defendants have provided evidence that Plaintiff, like Miller, was given a public evidentiary hearing, where he was represented by counsel, and permitted to present oral and documentary evidence and to call witnesses.  Plaintiff fails to raise any dispute of material fact regarding the sufficiency of the administrative proceedings.

Plaintiff dismisses as "far-fetched" the prospect that the findings of the lay members of the Commission could be accorded preclusive effect in this Court.  However, the Ninth Circuit in Miller considered this question and came to the opposite conclusion, finding that there was no sound basis for a distinction between lay and attorney decision-makers, and that

9

such a rule would cause confusion.  39 F.3d at 1037.  Had Plaintiff taken advantage of the State court review available under § 1094.5, it would be that court's ruling that would be preclusive in this Court.

Plaintiff also maintains that because he did not raise discrimination as a defense before the Commission, and the Commission did not make any findings regarding discrimination, its decision has no relevant preclusive effect on the current action. As Defendants correctly note, however, the standard is not whether issues involving discrimination were litigated in the administrative proceeding, but whether there was an "adequate opportunity to litigate" in the administrative proceeding. Miller, 39 F.3d at 1033 (citing Utah Construction factors).  The transcript makes clear that Plaintiff's attorney could have raised discrimination as a defense had he chosen to do so.  As the Ninth Circuit noted in Miller at 1034, quoting Swartzendruber, 3 Cal. App. 4th at 909,

> There can be no justification for plaintiff's position that she should be permitted to fail to assert at the administrative hearing constitutional and civil rights violations as reasons that made her termination wrongful, fail to prevail on the writ without attempting to urge or to bring before the court those reasons, and then be allowed to recover damages in this consolidated action that resulted from termination of her employment alleged to be wrongful based on those same reasons.

Therefore, the Commission's decision does have a preclusive effect on Plaintiff's § 1983 claim in this Court.

Defendants have made a successful prima facie showing in support of their position that the Commission's findings and decision are entitled to preclusive effect.  Plaintiff has set

10

forth no specific facts controverting this. Therefore, the Court finds that the findings and decision are entitled to preclusive effect in Plaintiff's § 1983 action.

The Commission found that Plaintiff violated Marin County rules and regulations by bumping another colleague intentionally and in an intimidating manner. The Commission also found, in light of the history between Plaintiff and management, that the County of Marin did not abuse its discretion in determining that termination was the appropriate penalty. Plaintiff's complaint clearly arises from the termination that was litigated in the administrative proceeding, as well as from the prior hostile work environment grievance which was also litigated in the same administrative forum. Therefore, the Court concludes that Plaintiff is precluded by the doctrines of res judicata and collateral estoppel from bringing a § 1983 claim for discrimination based on his employment with Marin County, and its termination. Plaintiff's claims against the individual Defendants are summarily adjudicated for the same reason. See Miller, 39 F.3d at 1038 (applying preclusion to § 1983 claims against individual named defendants acting within the course and scope of their employment).

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment (Docket No. 81). Plaintiff's requests

11

for judicial notice are GRANTED (Docket Nos. 86 and 87).  Judgment shall enter accordingly; each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 12/6/05

_____
CLAUDIA WILKEN
United States District Judge

12